UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNIQUI BRADLEY,<br><br>                        Plaintiff<br><br>     v.<br><br>RAQUEL L. MCCARTER, et al.,<br><br>                        Defendants | Case No. 2:20-cv-02077-KJD-NJK<br><br>ORDER |

This action is a *pro se* civil-rights complaint filed under 42 U.S.C. § 1983 by a former state prisoner. Previously, the Court granted Plaintiff Uniqui Bradley leave to proceed without prepaying fees or costs under 28 U.S.C. § 1915(a)(1). Docket No. 3.[1] On July 22, 2021, the Court entered an order screening Bradley's civil-rights complaint. *Id*. The screening order imposed a 90-day stay and the Court entered a subsequent order assigning the case to mediation by a court-appointed mediator. Docket Nos. 3, 8. The Office of the Attorney General has filed a status report indicating that settlement was not reached and informing the Court of its intent to proceed with this action. Docket No. 14.

**IT IS THEREFORE ORDERED** that:

1. Bradley is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.

2. The Clerk of the Court will electronically **SERVE** a copy of this order and a copy of Bradley's complaint, Docket No. 4, on the Office of the Attorney General of the State of Nevada, by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

3. Service must be perfected no later than February 17, 2022. Fed. R. Civ. P. 4(m).

---

[1] Bradley is not subject to the requirements of 28 U.S.C. § 1915(a)(2), (b) because she is no longer a "prisoner" within the meaning of the statute. *See* 28 U.S.C. § 1915(h).

4.  Subject to the findings of the screening order, Docket No. 3, no later than December 10, 2021, the Attorney General's Office will file a notice advising the Court and Bradley of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does <u>not</u> accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal.  As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office will file, *under seal*, but will not serve Bradley the last known address(es) of those defendant(s) for whom it has such information.  If the last known address of the defendant(s) is a post office box, the Attorney General's Office will attempt to obtain and provide the last known physical address(es).

5.  If service cannot be accepted for any of the named defendant(s), Bradley will file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s).  For the defendant(s) as to which the Attorney General has not provided last-known-address information, Bradley will provide the full name <u>and</u> address for the defendant(s).

6.  If the Attorney General accepts service of process for any named defendant(s), such defendant(s) will file and serve an answer or other response to the complaint no later than January 18, 2022.

7.  Bradley shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court.  If Bradley electronically files a document with the Court's electronic-filing system, no certificate of service is required.  Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1.  However, if Bradley mails the document to the Court, she must include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  If counsel has entered a notice of appearance, Bradley must direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein.  The Court may disregard

any document received by a district judge or magistrate judge that has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk that fails to include a certificate showing proper service when required.

8. This case is no longer stayed.

Dated: November 19, 2021.

_____
Nancy J. Koppe
United States Magistrate Judge